**UNITED STATES of America**

v.

**Milton RAPPAPORT.**

**No. 57 CR 616.**

United States District Court
N. D. Illinois E. D.

Oct. 25, 1957.

6. See section 70.10, Wis.Stats., 1955.

**160**

Robert Tieken, U. S. Atty., Chicago, Ill., for plaintiff.

Richard E. Gorman, Chicago, Ill., for defendant.

PERRY, District Judge.

This cause came on to be heard upon the petition of the government for an order of removal to the District of Minnesota, St. Paul, Minnesota.

This court has carefully examined and considered the pleadings and briefs of counsel and the entire record. This court notes that on August 29, 1957, an extradition hearing was unsuccessfully prosecuted in the Criminal Court of Cook County, Chicago, Illinois, after which hearing the defendant was ordered discharged. On September 7, 1957, an indictment was returned in the District of Minnesota charging the defendant with violation of 18 U.S.C.A. § 1073.

It appears from the record that the first hearing before the United States Commissioner on the petition for removal was held at Chicago, Illinois on October 1, 1957 at which time the Commissioner found that identity had not been proven and ordered the defendant discharged. Upon a hearing in this court the cause was remanded to the Commissioner for further hearing. The second hearing was held on October 2, 1957 at which time the government introduced further testimony. The Commissioner found the issue of identity in favor of the government and this finding is hereby approved.

Neither the indictment nor anything in the official record indicates that an indictment or prosecution is pending in the appropriate Minnesota State court for the alleged State violation. The federal indictment in question alleges that the defendant fled and travelled in interstate commerce knowing that he "was liable to prosecution for said offense." After examination of the statute in question, namely, 18 U.S. C.A. § 1073, it is the view of this court that the statute was intended to operate only in cases where an indictment had been found or prosecution had been instituted and not in cases where prosecution might be instituted in the future. Since it is a penal statute, its language should be given strict construction. The term "prosecution" in its strictest sense signifies proceedings instituted by appropriate process. Accordingly, it is the view of this court that the indictment does not state an offense against the United States and that no district court could have jurisdiction under it.

An order of this court denying the petition for an order of removal will be entered in accordance herewith.